1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11                    **,**                            No.

12                Plaintiff,                 **ORDER SETTING STATUS (PRETRIAL**
                                            **SCHEDULING) CONFERENCE**
13                    v

14                    **,**

15                Defendant.

16

17        This action has been assigned to the Honorable Kimberly J. Mueller.  Both the court and the

18   attorneys bear responsibility for the progress of litigation in the federal courts.  To secure the just,

19   speedy and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to

20   familiarize themselves with the Federal Rules of Civil Procedure and Local Rules of the Eastern District

21   of California, as well as this order and the court's civil standing order located on the court's webpage.

22   As provided by Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED

23   THAT:

24        1.  A Status (Pretrial Scheduling) Conference is set for _____ at _____

25   before Judge Mueller in Courtroom Three.  Status (Pretrial Scheduling) Conferences are generally held

26   via videoconference.  However, because the format of these hearings is subject to changes depending

27   on the circumstances of each case, check the courtroom calendar to confirm the format of the hearing.

28   Requests for continuance of status conferences are not favored and will not be granted in the absence

1 of a true emergency and, in any event, will not be entertained unless made in writing at least FIVE (5)

2 DAYS prior to the scheduled conference.

3    2.  Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date

4 of the filing of the complaint, to allow the court to comply with Federal Rule of Civil Procedure 16(b).

5    3.  Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall

6 serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a

7 copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service.  Any

8 party who impleads a third-party defendant shall serve upon that party a copy of this order and shall

9 file with the Clerk of the Court a certificate reflecting such service.

10    4.  In the event this action was originally filed in a state court and was thereafter removed to

11 this court, the removing party or parties shall, immediately following such removal, serve upon each

12 of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this

13 order and shall file with the Clerk of the Court a certificate reflecting such service.

14    5.  Unless both parties agree discovery would be premature or the parties have a material

15 dispute about whether early discovery is appropriate, it is advisable for counsel to begin to conduct

16 discovery actively before the Initial Scheduling Conference.  At the very least, the parties shall comply

17 fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and promptly produce and

18 obtain what they are required to in the early stages of discovery.

19    6.  At least twenty-one (21) calendar days before the Status Conference is held, parties shall

20 confer as contemplated by Federal Rule of Civil Procedure 26 and Local Rule 240(b).  The parties

21 shall submit, at least fourteen (14) days prior to the Status Conference, a Joint Status Report

22 that includes the Rule 26(f) discovery plan, with all named parties participating in the preparation

23 and completion of the report.  The status report shall address the following matters:

24    (a)  a brief summary of the claims and legal theories under which recovery is
         sought or liability is denied;

25

26    (b)  status of service upon all defendants and cross-defendants;

27    (c)  possible joinder of additional parties;

28    (d)  contemplated amendments to the pleadings, including to simplify or clarify
         the issues and eliminate previous claims and defenses;

1

(e)  the statutory bases for jurisdiction and venue;

2

(f)  anticipated discovery and the scheduling of discovery, including:

3

(1)  what changes, if any, should be made in the timing, form, or
requirement for disclosures under Rule 26(a), including a statement

4

as to when disclosures under Rule 26(a)(1) were made or will be made,
and whether further discovery conferences should be held;

5

(2)  the subjects on which discovery may be needed, when discovery

6

should be completed, and whether discovery should be conducted
in phases;

7

(3)  what changes, if any, should be made in the limitations on discovery

8

imposed under the Civil Rules and what other limitations, if any,
should be imposed;

9

(4)  the timing of the disclosure of expert witnesses and information

10

required by Rule 26(a)(2); and

11

(5)  proposed dates for discovery cut-off.

12

(g)  contemplated dispositive or other motions and a proposed date by which all
non-discovery motions shall be heard;

13

14

(h)  methods that can be used from the outset to avoid unnecessary proof and
cumulative evidence, and anticipated limitations or restrictions on the use of
testimony under Federal Rule of Evidence 702;

15

(i)  a date by which the parties expect to be ready for final pretrial conference;

16

(j)  a proposed date by which the parties expect to be ready for trial, estimated number of

17

days of trial, and whether any party has demanded a jury;

18

(k)  appropriateness of special procedures such as reference to a special master
or agreement to try the matter before the assigned magistrate judge as provided by

19

28 U.S.C. 636(c);

20

(l)  proposed modification of standard pretrial procedures because of the
simplicity or complexity of the case;

21

22

(m)  whether the case is related to any other case pending in this district, including the
bankruptcy court of this district, and whether the case is related to any multidistrict
litigation (MDL) such that transfer is possible by the Judicial Panel for Multidistrict

23

Litigation (JPML);

24

(n)  optimal timing and method for settlement discussions, including whether a
court-convened settlement conference should be scheduled, whether in the

25

case of a jury trial the parties will stipulate to the trial judge acting as a
settlement judge, and the parties' positions with respect to Voluntary Dispute

26

Resolution (VDRP) as required by Local Rule 271(d); and

27

(o)  any other matters that may be conducive to the just and expeditious
disposition of the case.

28

/////

1    7.  The Court, upon review of the joint status report and following the status conference, will

2    issue a scheduling order governing the future course of the litigation.  Counsel are directed to read

3    that order carefully once it is issued.  Requests to modify or vacate any date set forth in the order will

4    not be favored and will not be granted absent good cause.

5    8.  In the extraordinary event the parties are not able to file a joint status report, each party

6    must file an individual status report and attach a declaration setting forth, in detail, the extraordinary

7    circumstances that prevented the parties from filing a joint status report.

8    9.  Any briefs or other papers that a party needs to file prior to the issuance of the scheduling

9    order shall be filed in accordance with Local Rule 230(b).  The court places a page limit of twenty

10   (20) pages on all such moving papers.  Opposition papers shall be filed in accordance with Local

11   Rule 230(c).  The court places a page limit of twenty (20) pages on oppositions, and a page limit of

12   ten (10) pages for replies.  Requests for page limit increases are disfavored, but if made must be

13   filed with the court at least fourteen (14) days prior to the filing of the motion.  Any party that does

14   not oppose the granting of a motion shall file a statement of non-opposition in accordance with

15   Local Rule 230(c).  The failure to file an opposition or statement of non-opposition in accordance

16   with Local Rule 230(c) may be deemed consent to the granting of the motion and the court may

17   exercise its discretion to dispose of the motion summarily.  *Brydges v. Lewis,* 18 F.3d 651, 652-53

18   (9th Cir. 1994).

19   10.  Any non-governmental corporate party to an action in this court shall file a statement

20   identifying all its parent corporations and listing any publicly held company that owns (10%) or more

21   of the party's stock.  Plaintiff(s) shall file the statement not later than fourteen (14) days after filing

22   the complaint, and defendant(s) shall file the statement with the initial pleading(s) filed in the court.

23   The parties shall supplement the statement within a reasonable time of any change in the information

24   required by this paragraph.

25   11.  Counsel are reminded of their continuing duty as provided by Local Rule 160 to

26   immediately notify the courtroom deputy and chambers of any settlement or other disposition of

27   the case.  *See also* Local Rule 272.

28   /////

1    12.  The court also fully incorporates by reference the court's civil standing order, which is

2  located on the court's webpage for Judge Mueller and is titled "Civil Standing Order."  This webpage

3  is located at the following URL:  https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/

4  5020/civil-standing-order/ .  The parties are bound by the civil standing order and shall periodically

5  check the webpage for any changes.

6   DATED:

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28